# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,   NO. 20-cr-15(4) (MJD/DTS)

    Plaintiff,

v.   **ORDER**

ANDRES HERNANDEZ

    Defendant.

_____

Allen A. Slaughter, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the United States.

Glenn P. Bruder, Mitchell, Bruder & Johnson, 9531 West 78th Street, Suite 210, Eden Prairie, Minnesota, 55344, for Defendant.

_____

This matter came before the Court on various pretrial motions. The parties did not seek further briefing on these non-dispositive motions.

The Court, being duly advised in the premises, upon all the files, records, and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. United States' Motion for discovery pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 [Docket No. 22] is **GRANTED**.

    a. Pursuant to Federal Rule of Criminal Procedure 16(b) Hernandez shall disclose and permit inspection or copying of all books, papers, documents, photographs, or tangible objects that are within his possession, custody, or control and that he intends to introduce as evidence in his case-in-chief at trial.

    b. The parties shall make expert disclosures pursuant to Federal Rule of Criminal Procedure 16 no later than thirty days before trial and rebuttal expert disclosures no later than ten days before trial.

      c.      If Hernandez intends to assert an alibi defense, he shall give notice in writing to the United States no later than twenty-one days before trial and shall comply with the requirements of Federal Rule of Criminal Procedure 12.1(a)(2). Hernandez's notice shall include each specific place he claims to have been at the time of the alleged offense, and the name, address, and telephone number of each alibi witness on whom he intends to rely.

      d.      If Hernandez intends to assert a defense of insanity at the time of the alleged offense, he shall give notice of such intent in writing to the United States no later than twenty-one days before trial and shall comply with the requirements of Federal Rule of Criminal Procedure 12.2(a).

      e.      If Hernandez intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, he shall give notice of such intent in writing to the United States no later than twenty-one days before trial and shall comply with the requirements of Federal Rule of Criminal Procedure 12.3. The contents of the notice shall satisfy Federal Rule of Criminal Procedure 12.3(a)(2).

      f.      The parties shall comply with Federal Rule of Criminal Procedure 26.2 with respect to the production of witness statements.

    2.      Hernandez's Motion for discovery pursuant to Federal Rule of Criminal Procedure 16 [Docket No. 56] is **GRANTED**. The United States shall continue to comply with its discovery obligations to the extent required by Rule 16.

    3.      Hernandez's Motion for disclosure of exculpatory evidence [Docket No. 57] is **GRANTED** consistent with the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Within ten days of this order the United States must disclose all *Brady*

and *Giglio* information in its possession or of which it has become aware as of the date of this order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

4.  Hernandez's Motion for discovery of expert under Rule 16(a)(1)(G) [Docket No. 58] is **GRANTED**. The United States shall continue to comply with Rule 16(a)(1)(G).

5.  Hernandez's Motion for early disclosure of Jencks Act material [Docket No. 59] is **DENIED**. The Court notes the United States' agreement to provide reciprocal Jencks Act disclosures three days before trial.

6.  Hernandez's Motion to disclose post-conspiracy statements of co-defendants or unindicted co-conspirators [Docket No. 60] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent the United States is required to disclose post-conspiracy statements of co-defendants or unindicted co-conspirators under the Federal Rules of Criminal Procedure or applicable case law. The Motion is **DENIED** to the extent that Hernandez's Motion seeks disclosure beyond the United States' obligations pursuant to the Jencks Act or under *Giglio* and *Brady*.

7.  Hernandez's Motion for disclosure of Federal Rule of Evidence 404 evidence ("bad acts" evidence) [Docket No. 61] is **GRANTED**. The United States shall disclose Rule 404(b) evidence no later than fourteen days before trial *or* upon learning of the existence of the evidence, whichever occurs later. This disclosure obligation is limited to information encompassed by Rule 404(b) and does not include acts that are intrinsic to the charged offense.

8.  Hernandez's Motion to disclose and make informant available for interview [Docket No. 62] is **DENIED** as moot based on the United States' representation that it is not aware of any informants used in the investigation.

9. Hernandez's Motion to retain rough notes [Docket No. 63] is **GRANTED**. The United States shall continue to instruct its officers and agents to retain their rough notes and all evidence gathered in connection with the investigation until final disposition of the charges against Hernandez.

10. Hernandez's Motion for disclosure of Grand Jury transcripts [Docket No. 64] is **GRANTED IN PART**. The United States shall disclose Grand Jury transcripts for witnesses it calls at a motion hearing or trial no later than after direct examination of that witness.

11. Hernandez's Motion for counsel to participate in voir dire [Docket No. 65] is **DENIED** without prejudice.

12. Hernandez's Motion for disclosure of intent to use the residual hearsay exception under Federal Rule of Evidence 807 [Docket No. 66] is **GRANTED**.


Dated: August 19, 2020                /s/David T. Schultz_____
                                      DAVID T. SCHULTZ
                                      United States Magistrate Judge